IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN TRUE, | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| THE STATE OF NEBRASKA, and | ) | COMPLAINT, |
| ROBERT HOUSTON, Director, | ) | DEMAND FOR TRIAL BY JURY |
| Department of Correctional Services, | ) | |
| An Agency of The State of Nebraska, | ) | |
| DIANE SABATKA-RINE, Warden, | ) | |
| Lincoln Correctional Center, ROBERT | ) | |
| MADSEN, Deputy Warden, Lincoln, | ) | |
| Lincoln Correctional Center, | ) | |
| | ) | |
| Defendants. | ) | |

## I. JURISDICTION

1. Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1343(3) and (4) and 42 U.S.C. § 1983 et.seq.  This action is brought to remedy violation of Plaintiff's rights of Privacy and equal protection under law and unlawful termination of Plaintiff's employment.

## II. PARTIES

2. Plaintiff, Brian True is a citizen of the United States and a resident of Crete, Saline County, Nebraska.  At all related hereto Plaintiff was an employee of the Defendant, State of Nebraska, assigned to the Lincoln Correctional Center, Lincoln, Nebraska.

3. Defendant State of Nebraska is a State of the United States.

4. Defendant Robert Houston is, and was at all times relevant hereto, employed as the Director of the Department of Correctional Services, an agency of the State of Nebraska.

5. Defendant Diane Sabatka-Rine is, and was at all times relevant hereto, employed as the Warden of the Lincoln Correctional Center, a facility under the direct control and Supervision of the Department of Correctional Services.

1

6. Defendant Robert Madsen is, and was at all times relevant hereto, employed as Deputy Warden of the Lincoln Correctional Center, a facility under the direct control and Supervision of the Department of Correctional Services.

### III.  STATEMENT OF FACTS

7. On or about April 13, 2007, Plaintiff was employed by Defendant, Department of Correctional Services, as a prison guard, and was assigned to the Lincoln Correctional Center Facility.

8. That on April 13, 2007, Plaintiff parked his personal vehicle in a parking area of The Lincoln Correctional Center designated for employee owned vehicles.  That Plaintiff Received notification during his work shift from supervising employees of the Lincoln Correctional Center that his personal motor vehicle had been randomly selected and that a Search of his vehicle would be conducted.  That said supervisory personnel asked for Plaintiff's consent to authorized search of his personal vehicle.  That on said date and time Plaintiff inquired as to the reason or reasons for requesting said search and was advised that his vehicle had been randomly selected and no reasonable suspicion of criminal activity or violation of agency or facility rule or regulation was suspected.  Plaintiff declined to grant consent to search his vehicle and was advised that disciplinary proceedings would be brought against Plaintiff for Failure to grant consent to search his personal vehicle.  Vehicles owned and operated by employees of the Defendant are subject to search, without warrant, while said vehicles are on property owned and maintained by defendant, Lincoln Correctional Center.  Vehicles owned and operated by members of the general public while said vehicles are on property owned and maintained by defendant, Lincoln Correctional Center, are not subject to search without warrant.

9. That on or about May 31, 2007, a disciplinary hearing was held to determine whether the factual allegations made against the Plaintiff and to determine what, if any, action or actions were to be taken against Plaintiff for failure to consent to search of his personal vehicle.

10. That on or about June 28, 2007, Plaintiff was informed by Defendants Houston and

Sabatka-Rine that his employment had been terminated effective immediately.  Plaintiff was informed that the reasons for termination were: (1) failure or refusal to comply with a lawful Order; (2) failure to comply with policies, procedures or regulations of the employing agency.

## IV.  FIRST CAUSE OF ACTION

11. Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 10 above as though fully set forth herein.

12. The treatment of Plaintiff complained above violates 42 U.S.C. § 1983 inasmuch as it impermissibly violates Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

Wherefore, Plaintiff prays as set forth below:

## V.  SECOND CAUSE OF ACTION

13. Plaintiff refers to and incorporates by reference each and every allegation Of Paragraphs 1 through 12 above as though fully set forth herein.

14. The treatment above complained of violates Plaintiff's rights inasmuch as it is discrimination against the Plaintiff on the basis of denial of equal protection under the Laws of the United States and the Fourteenth Amendment of the Constitution of the United States.

## VI. PRAYER FOR RELIEF

WHEREFORE,  Plaintiff prays for the following relief:

15. Entry of Judgment for Plaintiff and against Defendants on Plaintiff's First And Second Causes of Action in that Defendants violated Plaintiff's rights of privacy and equal protection under law.

16. Entry of Judgment reinstating Plaintiff to the position he was in prior to being discharged,

17. Injunctive relief prohibiting defendants and agents from continuing to violate Plaintiff's privacy and discriminating against Plaintiff upon reinstatement,

18. Award for any and all lost pay including interest thereon to compensate Plaintiff for loss of salary, fringe benefits, and other economic losses he has suffered as a result of actions by defendants,

19. Award of damages to Plaintiff for injuries suffered and sustained as a result of loss of privacy and for discriminatory actions by defendants and for any other damages allowable by law.

20. On each Cause of Action an award to Plaintiff of the cost of suit and reasonable attorney fees and expenses as allowed by 42 U.S.C. § 1988 and other applicable law.

21. Such other and further relief as the Court may deem just and proper.

22. Plaintiff designates Lincoln, Nebraska as place of trial.

23. Plaintiff requests and makes demand for trial by jury.

BRIAN TRUE, Plaintiff

By   _____
Calvin Hansen, NSBA 16846
5635 'O' Street, Suite 101
Lincoln, NE 68510
(402) 466-2744